GARY E. ULERY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ulery v. Commissioner
Docket No. 19650-88
United States Tax Court
T.C. Memo 1989-373; 1989 Tax Ct. Memo LEXIS 372; 57 T.C.M. (CCH) 1076; T.C.M. (RIA) 89373; July 26, 1989
Gary E. Ulery, pro se. Robert P. Crowther, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined deficiencies and additions to tax for the taxable years 1983 and 1984 as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1) [1]
§ 6653(a)(1)
§ 6653(a)(2)
§ 6661
1983
$ 10,108.00 $ 2,463.50 $ 505.40 *
$ 2,527.00 1984
9,023.00.
.983.00
451.15
*
2,255.75
Year
§ 6654
1983
$ 599.10
1984
$ 167.19
When this case was called for trial there was no appearance by or on *373 behalf of petitioner. Respondent moved to dismiss for failure to properly prosecute and for damages under section 6673. Petitioner failed to file tax returns for 1983 and 1984. Respondent prepared substitute return documents and conducted an examination to determine petitioner's income tax liability for both of the taxable years noted above. In connection with this examination, petitioner was sent a series of notices requesting his presence and participation in the examination process. He responded with two letters in which he indicated that he would not file the required tax returns until he was informed how he could file them without violating his constitutional rights. Therefore, without input from petitioner, respondent determined petitioner's tax liabilities for each of the taxable years in issue on the basis of the wages, unemployment compensation, and other income reflected on copies of statements (Forms W-2 and 1099) provided to respondent by petitioner's employers and by the State of Alaska. Petitioner's filing status was deemed to be married filing separately and he was granted one exemption. Petitioner resided in Nenana, Alaska, when he filed his petition with *374 this Court. In that petition, he alleged that the notice of deficiency is a computer print-out and not a determination made by a human being; that his wages do not constitute taxable income; that a direct tax on gross receipts is in violation of the United States Constitution; and that he is not a taxpayer under the Internal Revenue Code. In his petition, petitioner also claimed entitlement to unspecified deductions and other tax benefits. But he produced no documents or useful information to substantiate these claims, despite the fact that he was under a duty to do so pursuant to the formal discovery served upon him by respondent. Respondent began his discovery efforts with a letter dated January 5, 1989, followed that letter with a second letter on January 26, 1989, and, when petitioner failed to properly respond to those letters, served formal discovery on petitioner on March 21, 1989. The only response from petitioner was some results of surveys conducted to determine the typical cost of living in Alaska and a large volume of tax protest materials. These records and materials do not substantiate any tax benefit to which petitioner may be entitled. During preparation of *375 this case for trial, respondent's attorney and petitioner exchanged numerous letters and other documents. Respondent's counsel provided petitioner with detailed citations to the authorities which reject all legal arguments raised in the petition. That letter, mailed to petitioner almost three months before trial, put him on notice of the flaws in his legal position. Even more detailed citations were included in respondent's trial memorandum served on petitioner June 2, 1989. To further delay disposition of this case, petitioner filed a frivolous motion to dismiss on March 14, 1989, which we denied, and, on May 22, 1989, filed a motion to continue this case from the trial calendar at which petitioner has now failed to appear. That motion also was denied. We have no doubt that petitioner's failure to appear at the call of his case was intentional. Petitioner was served on January 13, 1989, with the Court's notice setting case for trial. That notice states in bold print, "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Moreover, petitioner's subsequent filings with the Court, e.g., his motions to dismiss and to continue, indicate *376 he knew of his duty to appear. Based upon the foregoing facts, it is evident that petitioner has never disputed his receipt of the amounts of wages, unemployment compensation, and other income reported to respondent by petitioner's employers and the State of Alaska. Rather he has asserted a number of frivolous legal theories similar to those which this Court has rejected for many years. Petitioner has been furnished ample information from which he could determine that his legal arguments are meritless and groundless. Moreover, his failure to produce appropriate documents and records supporting any entitlement to deductions or other tax benefits, despite numerous requests from respondent, including formal discovery requests, indicates that no such deductions or tax benefits exist. In light of the above, we grant respondent's motion to dismiss this case for failure to properly prosecute. We further find that petitioner instituted and maintained the proceedings before this Court primarily for delay and that the positions taken by petitioner in this proceeding are groundless or frivolous. We therefore award damages to the United States under section 6673 in the amount of $ 5,000. *377 An appropriate order of dismissal and decision will be entered. Footnotes
1. Unless indicated otherwise, all section references are to the Internal Revenue Code as amended and in effect for the period in issue.↩
*. 50 percent of the interest due on the deficiency. ↩